**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| JOHN L. MAUSEN,<br><br>Plaintiff,<br><br>vs.<br><br>VANGUARD MARKETING CORPORATION, *et al.*,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00323<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

**REPORT AND RECOMMENDATION**
**TO DENY *IN FORMA PAUPERIS* APPLICATION**

Plaintiff John L. Mausen recently submitted a *pro se* Complaint and related documents to this Court. The resulting case has been assigned to District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Currently pending before the undersigned is Plaintiff Mausen's Application to Proceed *In Forma Pauperis* and without prepaying the fees to file the case. ("IFP Application," Doc. No. 1.) For the reasons explained below, the undersigned **RECOMMENDS** that the Court **DENY** the Application and **ORDER** Plaintiff to pay $405 to the Clerk of Court within thirty days.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total fee amount is $405, which consists of a $350 filing fee and a $55 administrative fee.

However, a plaintiff who, because of their poverty, "cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Id*. (citing § 1915(a)-(b)).

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be allowed to proceed *in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But an applicant must show that "because of his [or her] poverty," he or she cannot pay the fee and continue to afford the necessities of life. *Id.*

Whether to grant IFP status is within the Court's discretion, and the burden of convincing the Court is on the applicant. *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S. Dist. LEXIS 205449, at *2 (E.D. Ky. Nov. 7, 2016). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017). However:

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . <u>*In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance</u> and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Correction*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (emphasis added).

Plaintiff Mausen's Application does not place him within this category. (Doc. No. 1.) Plaintiff is gainfully employed. (*Id*. at PageID 1.) He makes $4,054 bi-weekly (or $105,404 per year), with net earnings of $2,714 bi-weekly (or $70,564 per year). (*Id*.)

Plaintiff reports monthly expenses of $1,701.36, which includes a significant payment toward credit card debt. (Doc. No. 1 at PageID 2.) His calculated monthly (after-tax) income of $5,880.33 covers and exceeds these monthly expenses.[1]

Plaintiff states that he owns two "low-market-value" vehicles. (Doc. No. 1 at PageID 2.) He reports a rollover IRA of approximately $78,000, but the undersigned excludes it from the calculations herein because it is the subject of this lawsuit. (*Id*.; *see also* Doc. No. 1-1.)

Plaintiff states that he supports his mother and brother, who are "completely homeless," as well as a "Best Friend/Sister" and her five-year-old son. (Doc. No. 1 at PageID 2.) Plaintiff further states that he supports a "USCIS Beneficiary." (*Id*.) The name and status of this Beneficiary are unknown. In an attached Declaration, Plaintiff appears to assert that the Beneficiary and her family (brother, grandmother, best friend/sister[2]) reside in Venezuela and are also completely homeless. (Doc. No. 1 at PageID 7-9.)

---

[1] Plaintiff's after-tax earnings are $2,714 every two weeks. (Doc. No. 1 at PageID 1.) Assuming 26 pay periods a year, his monthly net earnings are $5,880.33. ($2,714 x 26 = $70,564/year. $70,564 divided by 12 months = $5,880.33 per month).

[2] It is not clear if this best friend/sister is the same as mentioned above.

Plaintiff states that he sends all available funds to them to pay for medical care and address their homelessness and other needs. (*Id*.)

To show his support for the Beneficiary, Plaintiff provides three redacted notices that appear to have originated from the United States Customs and Immigration Services (USCIS). (Doc. No. 1 at PageID 3, 4, 5.) They appear to concern the Form I-134, Declaration of Financial Support. *See* https://www.uscis.gov/i-134 (last visited Sep. 22, 2026). Individuals may "[u]se this form to agree to provide financial support to a beneficiary of certain immigration benefits for the duration of their temporary stay in the United States." *Id*.

Plaintiff's notices appear to reflect that he submitted an I-134 on behalf of the unknown Beneficiary, and that USCIS initially found it "sufficient." (Doc. No. 1 at PageID 3 ["This notice confirms that USCIS received your application or petition"]; PageID 4 ["we have confirmed that your Form I-134 is sufficient"].) The last notice states that USCIS "cannot confirm your Form I-134A because the parole program under which it has been filed has been terminated. … [Y]our confirmation is rescinded by this notice and is no longer valid." (*Id*. at PageID 5.) The notices are dated in 2022. (*Id.* at PageID 3-5.)

Plaintiff's IFP Application and its attachments do not demonstrate that he should be granted IFP status. "Financial ability has been found, and thus IFP denied, where income and assets exceed monthly expenses." *See Muehlfeld v. Comm'r of Soc. Sec. Admin*., No. 3:23-cv-225, 2023 WL 2988316, at *2 (N.D. Ohio Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 3847287 (N.D. Ohio June 6, 2023). That is the

case here. Plaintiff's monthly income ($5,880.33) exceeds his reported monthly expenses ($1,701.36) as a mathematical proposition, leaving him with sufficient income to cover the one-time cost of filing this case. Although Plaintiff states that his "actual personal disposable income is zero," his Application does not bear that out. (Doc. No. 1 at PageID 6.) *See Grant v. Seabron*, No. 3:25-cv-391, 2026 U.S. Dist. LEXIS 10017, at *2 (S.D. Ohio Jan. 20, 2026), *report and recommendation adopted,* 2026 U.S. Dist. LEXIS 51221, at *1 (S.D. Ohio Mar. 11, 2026) (denying IFP status where "Plaintiff's reported monthly expenses total $4,759.77. Her reported monthly income totals $5,164.30, leaving $404.53 available per month. While Plaintiff asserts that her monthly expenses entirely consume her monthly income, her Application does not substantiate that statement.").

With respect to the unnamed Beneficiary and her family and friend(s) in Venezuela, the documents before the Court reflect that, however laudable, Plaintiff's support is voluntary. The fact that Plaintiff chooses to provide significant cash support for these individuals does not establish that his own poverty would prevent him from providing the necessities of life if he had to pay the fees. Requiring Plaintiff "to make the decision to … use existing assets to pay the fairly modest costs relieved by obtaining IFP or choose not to pursue the litigation does not deprive [him] of an opportunity to pursue his case." *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S. Dist. LEXIS 205449, at *4 (E.D. Ky. Nov. 7, 2016). Plaintiff, like others with income and assets, will "have to make a financial calculation if he want[s] to pursue a lawsuit." *Id*.

Ultimately, the undersigned concludes that Plaintiff has not satisfied his burden to show that, because of his poverty, he is unable to pay the modest one-time cost of filing

this case while still providing for the necessities of life. *See Adkins*, 335 U.S. at 339. The undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if he wants to proceed with this case.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of Court.

Plaintiff is **ADVISED** that he must promptly notify the Court if his mailing address changes while this case is pending. He may wish to review the resources for *pro se* parties on the Court's website, https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO RECOMMENDED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).